## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NICOLE BREITFELLER, et al.,**

    **Plaintiffs,**

v.                                                  Case No.  8:05-cv-405-T-30TGW

**PLAYBOY ENTERTAINMENT GROUP,
INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the following: Defendant Anheuser-Busch's Motion to Dismiss (Dkt. #18); Defendant Deslin Hotel's Motion to Dismiss and Alternative Motion to Strike (Dkt. #20); Playboy Defendants'[1] Motion to Strike (Dkt. #29); Playboy Defendants' Motion to Dismiss (Dkt. #30); Defendants Directv and Time Warner Cable's Motion to Dismiss (Dkt 32); Defendant Cox Communication's Motion to Dismiss (Dkt. #37); Defendant Daytona Beverage's Motion to Dismiss (Dkt. #39); Defendant BV & BK Production's Motion to Dismiss (Dkt. #42); Defendant Comcast Cable Communication's Motion to Dismiss (Dkt. #44); and Plaintiffs' Memoranda in Opposition thereto.[2]

---

[1] The "Playboy Defendants" are comprised of the following twelve entities: Best Buy Company, Image Entertainment, In-Demand, Lincolnwood Motion Pictures, New City Releasing, Playboy Entertainment Group, Playboy Enterprises, Playboy Enterprises International, Playboy.com, Playboy TV International, Sun Capital Partners, and Trans World Entertainment.

[2] For simplification and convenience, this Court has omitted the entity classification of each Defendant when identifying each by name.

After consideration, this Court finds that Defendants' Motions should be GRANTED in part and DENIED in part.[3]

## I. Background[4]

Plaintiffs participated in "Wet T-Shirt Contests" in Daytona Beach, Florida in the early part of March 2001 (the "Contests"). The Contests were held on an outdoor pool deck at the Desert Inn Resort (the "Desert Inn"), a hotel establishment owned and operated by Defendant Deslin Hotels. Both Plaintiffs were seventeen years-old at the time of the Contest. Before their participation in the Contests, Plaintiffs consumed alcohol in a conference room in the Desert Inn located behind the stage where the Contests were performed. They also affixed temporary tattoos that contained the "Bud Light" insignia to their arms, breasts, and backs.

Plaintiffs were intoxicated during the Contests, danced "erotically" and "provocatively" on stage, and exposed private parts of their bodies. Plaintiff Breitfeller exposed her uncovered breasts, areolae, buttocks and pubic area during her participation, while Plaintiff Gautreaux exposed her uncovered breasts, areolae, buttocks, pubic area, anus, and vagina. Plaintiffs received cash and gift prizes for their participation in the Contests, including a swimsuit containing the "Budweiser" insignia and other gifts containing other

---

[3] All of the defendants whose Motions are before the Court will be referred to as "Defendants" for purposes of this Order.

[4] The underlying facts set forth in this section are derived from Plaintiffs' Amended Complaint, as Plaintiffs' allegations are assumed to be true at this stage of the proceedings. The Amended Complaint, however, includes ambiguous, repetitive and inconsistent language and wholly irrelevant matters that disrupted the synthesis of the underlying facts. To the extent any of the facts identified herein have been misunderstood by this Court, Plaintiffs are directed to clarify these facts in their second amended complaint.

trademark insignias of Defendant Anheuser-Busch. The cash prizes were provided by co-defendant Watchcams and the gift prizes were provided by Defendant Anheuser-Busch.

The Contests were photographed and video-recorded by employees or agents of Defendant BV & BK Productions ("Defendant BVBK"), co-defendant Watchcams, and co-defendant Paul Prewitt. The photographs and video-recordings accumulated by Defendant BVBK and co-defendant Watchcams were made available on their various internet websites. Co-defendant Prewitt sold his materials to Defendants Lincolnwood Motion Pictures ("Lincolnwood") and New City Releasing ("New City"), two of the Playboy Defendants, in and around September 2001. Thereafter, agents for Lincolnwood, New City, and various entities affiliated with Defendant Playboy Enterprises edited the videotapes into programs and sold rights to those programs to Defendant In-Demand ("In-Demand").

Beginning in 2002, In-Demand sold the rights to broadcast the programs to cable and satellite television companies (hereafter the "TV Broadcasting Defendants").[5] The TV Broadcasting Defendants, in turn, broadcasted the programs electronically to their customers. The Playboy Defendants also broadcasted the programs on their own websites, distributed "hard-copies" of the programs in the form of "VHS" cassettes and "DVDs" to retail outlets for sale to the public, and advertised the programs on their respective websites and in other products sold by various "Playboy" entities.

---

[5] The "TV Broadcasting Defendants" consist of Defendants Directv, Time Warner Cable, Cox Communications, Comcast Cable Communications, and other satellite and cable television operators named as co-defendants in this case.

In July of 2002, the Playboy Defendants were informed that their video-programs contained images of a sixteen year-old girl engaging in "sexually explicit conduct." On or about June 26, 2003, the Playboy Defendants were informed by Plaintiffs' counsel that their programs contained unlawful images of Plaintiffs who were seventeen years-old at the time the video-recordings were made. Defendant Playboy Enterprises broadcasted the programs of the Contests on the "Playboy Channel" the following month, notwithstanding the reports that these programs contained images of the Plaintiffs.

Plaintiffs filed their Amended Complaint (Dkt. #5) under seal on March 28, 2005. The Amended Complaint consists of four counts. Count I is based on the events that occurred leading up to and during the Contests at the Desert Inn. Plaintiffs allege that Defendants Anheuser-Busch, Daytona Beverages, Goldrush Disc Jockeys, Paul Prewitt, Playboy.com, Watchcams, BVBK, and Deslin Hotels "engaged in an enterprise . . . for the production and distribution of sexually explicit images of minors for profit," in violation of Fla. Stat. § 772.103 (the "Florida RICO statute").

Count II of the Amended Complaint arises out of the events that took place after co-defendant Paul Prewitt sold his photographs and video-recordings to Lincolnwood and New City. The alleged basis of liability in Count II is identical to that in Count I. To wit: Plaintiffs allege that the Playboy Defendants, the TV Broadcasting Defendants, Defendants BVBK and Musicland, and co-defendant Watchcams "engaged in an enterprise . . . for the production and distribution of sexually explicit images of minors for profit," in violation of the Florida RICO statute.

Count IV (there is no Count III) was brought against Defendants Deslin Hotels, Daytona Beverages, Anheuser-Busch, BVBK, the Playboy Defendants and the TV Broadcasting Defendants, pursuant to 18 U.S.C. §§ 2255 and 2252A(f).[6] These statutes create civil remedies for minors who are victims of various criminal acts of sexual exploitation, including 18 U.S.C. §§ 2251, 2252, and 2252A.

Count V is a state law claim of negligence. Plaintiffs allege that Defendants Deslin Hotels, Anheuser-Busch, and Daytona Beverages failed to use reasonable care in conducting the Contests at the Desert Inn, failed to warn Plaintiffs that they were being recorded, and failed to prevent Plaintiffs from participating in the Contests.

## II.  Motion to Dismiss Legal Standard

At the motion to dismiss stage, the court must view the complaint in a light most favorable to the plaintiff and construe all allegations in the complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A court may, however, dismiss a complaint on a dispositive issue of law, see Marshall Cty Bd. of Educ. v. Marshall Cty Gas Dist., 992 F.2d 1171 (11th Cir.1993), and "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1262-1263 (11th Cir. 2004) (citations omitted). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions: they

---

[6] Plaintiffs actually use the disjunctive "and/or" when identifying the basis of liability under Count IV. This Court assumes for purposes of this Order that Plaintiffs are relying on both provisions under Count IV. Plaintiffs are directed not to use this ambiguous phrase in their second amended complaint.

are required to allege some factual bases for those conclusions or face dismissal of their claims. Id. at 1263.

### III. Analysis of Motions to Dismiss

Applying this legal standard to Plaintiffs' Amended Complaint, this Court finds that Count I and Count II should be dismissed as to Defendants and Count IV should be dismissed against all Defendants except Defendant Playboy Enterprises. Plaintiffs have alleged sufficient facts against Defendant Playboy Enterprises under Count IV and against Defendants Deslin Hotels, Inc., Anheuser-Busch, and Daytona Beverages under Count V to survive Defendants' motion to dismiss.

### A. Count I

Count I brought pursuant to Florida's RICO statute fails as a matter of law for multiple reasons. First, this RICO enterprise arises out of the events at the Desert Inn and occurred "over the course of several months." This period of time is insufficient to establish "a pattern of criminal activity" necessary to support a RICO claim. See e.g., H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989)(holding that predicate acts "extending over a few weeks or months and threatening no future criminal conduct do not satisfy this [pattern of criminal activity] requirement); Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm., 953 F.2d 587, 593 (11th Cir. 1992) (holding that criminal conduct lasting approximately six months "was accomplished in too short a period of time . . . to qualify it as a pattern of racketeering activity"); see also Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 242 (2d Cir. 1999) (noting that the Second Circuit "has never held a

period of less than two years to constitute a substantial period of time").

Second, the criminal activities allegedly committed by Defendants in this RICO enterprise were violations of 18 U.S.C. §§ 2251(a), 2252(a) and 2252A, and Fla. Stat. 827.071. Plaintiffs, however, have failed to allege facts demonstrating that Defendants committed these criminal activities. Plaintiffs allege that Defendants Playboy.Com, Anheuser-Busch, and Daytona Beverages "engaged in an enterprise . . . for the production and distribution of sexually explicit images of minors for profit," but these conclusory allegations are simply not substantiated by the facts alleged.

18 U.S.C. §§ 2251(a) prohibits persons from influencing minors to engage in "sexually explicit conduct for the purpose of producing any visual depiction of such conduct." The Amended Complaint is devoid of any facts demonstrating that Defendant Playboy.Com was even aware of the events taking place at the Desert Inn, let alone influenced the Plaintiffs' to perform the acts that occurred during the Contests for the purpose of obtaining video-recordings. Plaintiffs allegations against Defendants Anheuser-Busch and Daytona Beverages are almost as baseless. At most, Plaintiffs claim that Defendants Anheuser-Busch and Daytona Beverages exploited a marketing opportunity that offered the potential for free advertising.

As Defendant Anheuser-Busch notes, there is no allegation that their employee identified in the Amended Complaint even attended the Contests. Plaintiffs have alleged that Daytona Beverages's employee was present during the Contests and handed out gift prizes to some of the contestants, but there is no allegation that he influenced the Plaintiffs to

participate in the Contests or to reveal the private areas of the bodies. Moreover, hanging up banners in advance of the Contests and providing temporary tattoos and contest prizes with Anheuser-Busch logos may support an allegation that these Defendants were joint sponsors of the Contests, but such allegations do not demonstrate participation in an enterprise to produce sexually explicit images of the two Plaintiffs and other minors.[7]

Knowledge of a minor's age is necessary for a party to have violated 18 U.S.C. §§ 2252(a) and 2252A. See e.g., United States v. X-Citement Video, Inc., et al., 513 U.S. 64, 78 (1994) (concluding that the Section 2252's use of the term 'knowingly' "extends both to the sexually explicit nature of the material and to the age of the performers"). Plaintiffs, however, have failed to allege that any of the Defendants involved in this RICO enterprise knew of Plaintiffs' ages.[8] Defendants, therefore, could not have participated in a pattern of criminal activities by violating these statutes.

Plaintiffs are unable to rely on Fla. Stat. 827.071(2)-(5) to meet their burden of alleging a pattern of criminal conduct because they would have to have been engaged in "sexual conduct." This term is defined in a rather limited fashion to mean ""actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with

---

[7] The Complaint does not allege that an employee of these Defendants knowingly enticed minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

[8] This Court specifically addressed this very issue in its order of February 17, 2005, when it granted Plaintiffs' request for severance. Plaintiffs' counsel, however, appear to have ignored this Court's admonition that they must "prove that these Defendants knew Plaintiff's were minors."

a person's clothed or unclothed genitals, pubic areas, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party." Fla. Stat. § 827.071(1)(g) (emphasis supplied). Plaintiff Breitfeller was not alleged to have engaged in this type of conduct. Plaintiff Gautreaux is alleged to have exposed her vagina. While this allegation asserts a violation of the Florida statute, it is insufficient to support a RICO claim because it does not constitute "a pattern of criminal activity."

For these reasons, Defendants are entitled to a dismissal of Count I of Plaintiffs' Amended Complaint.

## B. Count II

Plaintiffs' Count II fails because Plaintiffs have not alleged facts to support their contention that the Defendants were participating in a RICO enterprise and that they participated in the enterprise through a pattern of criminal activity based on violations of 18 U.S.C. §§ 2251(a), 2252(a) and 2252A, and Fla. Stat. 827.071(3)-(5). Plaintiffs' allegation that the Playboy Defendants, the TV Broadcasting Defendants, and the remaining co-defendants operating retail outlets were involved in an "enterprise" is based solely on what appear to be the normal business operations of these entities. Moreover, as with Defendant Anheuser-Busch in Count I, Plaintiffs have failed to allege that any of these Defendants even attended the events at the Desert Inn. In fact, there is no allegation that these Defendants even knew of these events in advance.[9] Thus, Plaintiffs' allegation that these Defendants

---

[9] In one paragraph of the Amended Complaint, Plaintiffs allege that Defendant Prewitt "might have been" dispatched to Daytona Beach by "Thomas W. Meservey, Andrew Barney, Dave (continued...)

participated in criminal activities by violating 18 U.S.C. § 2251(a) is of no assistance to their RICO claim in Count II. Plaintiffs' reliance on 18 U.S.C. § 2252(a) and 2252A, and Fla. Stat. 827.071(3)-(5) is misplaced for the same reasons as in Count I: Plaintiffs have failed to allege that any of these Defendants knew of their ages and they failed to demonstrate that they engaged in "sexual conduct"as defined by Florida law.[10] Count II, therefore, is subject to dismissal.

### C. Count IV

Defendants contend that Plaintiffs' Count IV (Count III is missing in the Complaint) brought pursuant to 18 U.S.C. §§2255 and 2252A(f) should be dismissed because Plaintiffs have failed to allege that they suffered any "personal injuries" as a result of their alleged criminal conduct. Failure to plead facts establishing "personal injuries" appears fatal to a Section 2255 claim since relief under this section is limited to a minor who "suffers personal injuries." See 18 U.S.C. §§2255(a). Section 2252A(f), however, provides civil remedy relief for any "aggrieved person." Plaintiffs omission of allegations of "personal injuries,"

---

[9](...continued)
McNulty, or Joe Francis." Plaintiffs proceed to allege that "in the case of Tom Meservey and/or Andrew Barney, Prewitt may have been dispatched . . . on the true behalf of Playboy." Such deliberately ambiguous terms are insufficient to allege a relationship between Defendant Prewitt and any other Playboy Defendant in this action. If Plaintiffs have a basis for believing that Defendant Prewitt was operating as an agent for one of the Playboy Defendants, they must allege this fact in their complaint.

[10] Plaintiffs do contend that Playboy Enterprises distributed the programs of the Contests on the "Playboy Channel" after learning that they were minors at the time the video-recordings were made. The continued distribution of these programs by one member of an alleged enterprise during the last month of a purported RICO enterprise scheme is insufficient to establish "a pattern of criminal activity."

therefore, would not warrant dismissal of Count IV for claims brought pursuant to Section 2252A(f).

More fundamentally, however, this Court's findings with regard to establishing violations of 18 U.S.C. §§ 2251(a), 2252(a) and 2252A for purposes of the RICO counts would apply equally to Plaintiffs' claims brought pursuant to both 18 U.S.C. §§ 2255 and 2252A(f) since Plaintiffs are claiming that they are entitled to relief under Count IV as victims of a violation of Sections 2251, 2252, and 2252A. See 18 U.S.C. § 2255(a) and §2252A(f)(1). The only cognizable claim of a violation of either 18 U.S.C. §§ 2251(a), 2252(a) or 2252A is against Defendant Playboy Enterprises for distributing the programs of the Contests on the Playboy Channel for one month after learning of the Plaintiffs' ages. Accordingly, Count IV should be dismissed as to all the other Defendants, except Defendant Playboy Enterprises.

### D.  Count V

Plaintiffs' allegations related to their claim of negligence in Count V against Anheuser-Busch and Daytona Beverages survives a motion to dismiss. Plaintiff has alleged sufficient facts to support a claim that these defendants were co-sponsors of the Contests along with Defendant Deslin Hotels and co-defendant Goldrush Disk Jockeys, and, "through their joint venture" persuaded, induced and enticed Plaintiffs to perform sexually explicit acts. This language withstands a motion to dismiss, but may not survive a motion for summary judgment if the facts in the record do not show that these Defendants were responsible for checking the ages of the contestants. If Goldrush is an independent

contractor responsible for the screening of the contestants and staging the contests, these Defendants would have no liability under the negligence count.

Defendants' motions to dismiss this claim are denied.

### IV.  Analysis of Motions to Strike

The Motions to Strike filed by the Playboy Defendants and Deslin Hotel are well taken.  Fed. R. Civ. P. 8(a) requires a complaint to contain a "short and plain statement" of the facts and legal grounds entitling the plaintiff to relief.  Plaintiffs' Amended Complaint is a gross violation of the rules of civil procedure in federal court.  Plaintiffs' counsel are instructed to strictly adhere to the Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Middle District of Florida for all future filings.

The facts relevant to this action are straightforward and do not warrant a particularly lengthy pleading.  Plaintiffs counsel are directed to omit from any subsequent filings any pictures, as well as any facts that are not required to be identified pursuant to Rule 8.  Such facts include but are not limited to the following: facts related to the success, failure, or any other aspect of the Defendants' businesses not directly related to the events leading to the Plaintiffs' alleged injuries; facts related to songs that were allegedly played during the Contests; allegations of conduct or behavior of other participants in the Contests besides Plaintiffs; allegations of compliance or noncompliance with the federal record-keeping laws and regulations; facts related to other contests or events in which Plaintiffs did not participate; and facts related to the personal lives of any of the Defendants or their agents or employees.  Plaintiffs also are instructed not to incorporate by reference paragraphs

contained in one section of the complaint that are irrelevant to any other section of the complaint.

## V. Conclusion

For the reasons stated herein, it is therefore ORDERED AND ADJUDGED that:

1. Defendant Anheuser-Busch's Motion to Dismiss (**Dkt. #18**); Defendant Deslin Hotel's Motion to Dismiss and Alternative Motion to Strike (**Dkt. #20**); Playboy Defendants' Motion to Strike (**Dkt. #29**); Playboy Defendants' Motion to Dismiss (**Dkt. #30**); Defendants Directv and Time Warner Cable's Motion to Dismiss (**Dkt. #32**); Defendant Cox Communication's Motion to Dismiss (**Dkt. #37**); Defendant Daytona Beverage's Motion to Dismiss (**Dkt. #39**); Defendant BV & BK Production's Motion to Dismiss (**Dkt. #42**); Defendant Comcast Cable Communication's Motion to Dismiss (**Dkt. #44**) are **GRANTED in part** and **DENIED in part**.

2. Plaintiffs shall have **thirty (30)** days from the date of this Order in which to file a Second Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on August 30, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-405 Motns to Dismiss Civil Rico.wpd