**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NICOLE BREITFELLER, et al.,**

    **Plaintiffs,**

v.                                                               Case No.  8:05-cv-405-T-30TGW

**PLAYBOY ENTERTAINMENT GROUP,
INC., et al.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants DESLIN HOTELS, INC., IRENE L. DEVLIN, and DENNIS DEVLIN's (hereinafter "Defendants") dispositive Motion to Dismiss and supporting Memorandum of Law (Dkt. #95), and Plaintiffs' Response to the same (Dkt. #126).

**Motion to Dismiss Standard**

At the motion to dismiss stage, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F. 2d 1171 (11th Cir. 1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods

<u>De Centro America S.A. v. Latin America Agribusiness Development Corp.</u>, 711 F. 2d 989, 995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>South Florida Water Management District v. Montalvo</u>, 84 F. 3d 402, 406 (11th Cir. 1996).

## Legal Analysis

Plaintiffs have brought suit against Defendants alleging violations of 18 U.S.C. §2251(a) (Count I), common law negligence (Count II), intentional infliction of emotional distress (Count III), and unjust enrichment (Count IV).[1]

In their motion to dismiss, Defendants argue Plaintiffs fail to plead all of the necessary elements to state a claim under 18 U.S.C. §2251(a). Section 2251(a) states:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mails.

18 U.S.C. §2251(a). According to Defendants, Plaintiffs' Second Amended Complaint fails to allege that either Deslin or the Devlins knew or had reason to know that the visual depictions of the Plaintiffs would be transported or mailed in interstate or foreign commerce. In reviewing the Second Amended Complaint, this Court agrees.

---

[1] On December 9, 2005, Plaintiffs filed a Notice of Voluntary Dismissal with respect to Counts II, III, and IV as these Counts related to the Devlins. The only remaining Count against the Devlins is Count. Counts I through IV remaining pending against Deslin.

As such, it is hereby ORDERED AND ADJUDGED that:

1. Defendants DESLIN HOTELS, INC., IRENE L. DEVLIN, and DENNIS DEVLIN's dispositive Motion to Dismiss (Dkt. #95) is hereby **GRANTED** and Plaintiffs' Second Amended Complaint is **dismissed without prejudice**.

2. Plaintiffs shall have eleven (11) days in which to amend, file and serve their Third Amended Complaint. Failure to do so shall result in dismissal without further notice.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-405.mot dismiss 95.frm