# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**NICOLE BREITFELLER, et al.,**

     **Plaintiffs,**

**v.**                                   **Case No.  8:05-cv-405-T-30TGW**

**PLAYBOY ENTERTAINMENT**
**GROUP, INC., et al.,**

     **Defendants.**

_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Chad Ciani's Dispositive Motion to Dismiss and Alternate Motion to Strike (Dkt. #98), Memorandum of Law in support of the same (Dkt. #99), and Plaintiffs' Response thereto (Dkt. #129).

## Motion to Dismiss Standard

At the motion to dismiss stage, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F. 2d 1171 (11th Cir. 1993). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods De Centro America S.A. v. Latin America Agribusiness Development Corp., 711 F. 2d 989,

995 (11th Cir. 1983).   A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Management District v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## Legal Analysis

In Defendant Ciani's Motion to Dismiss, he argues Count XVI of the Second Amended Complaint fails to state a claim.  Pursuant to 18 U.S.C. §2251(a), a defendant must induce or entice a minor to engage in sexually explicit conduct and do so for the purpose of creating a visual depiction.   See 18 U.S.C. §2251(a).   According to Defendant Ciani, Plaintiffs failed in their Second Amended Complaint to allege sufficient facts to state a claim under Section 2251(a).  This Court agrees.

While paragraph 44 of the Second Amended Complaint states that Plaintiffs were persuaded, induced, or enticed to participate in the contest, there are absolutely no allegations in the Second Amended Complaint which identify the person or entity that persuaded, induced or enticed Plaintiffs to participate in the contest.  Specifically, paragraph 44 of the Second Amended Complaint states the inducement and persuasion was attempted by "various individuals"; this general allegation without more specificity is insufficient.[1]

It is therefore ORDERED AND ADJUDGED that:

---

[1] Defendant Ciani also argues that Counts XIX and XX should be dismissed as they were filed against Defendant Ciani beyond the four year statute of limitations period.  In reviewing the Complaint, this Court finds that the allegations contained in the Second Amended Complaint are sufficient to withstand a motion to dismiss. As such, Defendant Ciani's motion to dismiss as to Counts Nineteen and Twenty is hereby DENIED.  Defendant Ciani may, if he so desires, revisit these issues in a motion for summary judgment.

1.      Defendant Chad Ciani's dispositive Motion to Dismiss and Alternate Motion to Strike (Dkt. #98) is hereby **GRANTED in part and DENIED in part**.

2.      Plaintiffs have eleven (11) days from the date of this Order in which to amend, file, and serve their Third Amended Complaint addressing those issues detailed herein.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-405.mot dismiss strike 98.frm