**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NICOLE BREITFELLER, et al.,**

    **Plaintiffs,**

v.                                                                      Case No. 8:05-cv-405-T-30TGW

**PLAYBOY ENTERTAINMENT GROUP,**
**INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Best Buy Company, Inc., Image Entertainment, Inc., iNDEMAND L.L.C., Lincolnwood Motion Pictures, LLC, Modern Entertainment, Ltd, New City Releasing, Inc., Playboy Enterprises International, Inc., Playboy Television International, LLC, Playboy.com, Inc. and Trans World Entertainment Corporation's (herein collectively "The Playboy Defendant") Dispositive Motion to Dismiss or Strike the Second Amended Complaint & Memorandum of Law (Dkt. 105) and Plaintiffs' Response to the same (Dkt. 141).

### Motion to Dismiss Standard

At the motion to dismiss stage, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A court may, however, dismiss a complaint on a dispositive issue of law. Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F. 2d

1171 (11th Cir. 1993). Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts need not be spelled out with exactitude, nor must recovery appear imminent." Quality Foods De Centro America S.A. v. Latin America Agribusiness Development Corp., 711 F. 2d 989, 995 (11th Cir. 1983). A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Management District v. Montalvo, 84 F. 3d 402, 406 (11th Cir. 1996).

## Discussion

### A.     Modern Entertainment, Ltd.

In Playboy Defendants' Motion, they seek to strike Modern Entertainment, Ltd. as a party, alleging Plaintiffs added Modern Entertainment, Ltd. as a party to this action after the September 1, 2005 deadline for joinder of parties. In their response, Plaintiffs acknowledge the addition of Modern Entertainment, Ltd occurred after the joinder deadline, and have provided no good cause for doing so without leave of Court. Accordingly, Modern Entertainment, Ltd is **dismissed without prejudice** as a party to this action.

### B.     Section 2252(a) and Section 2252A.

Playboy Defendants allege in their Motion Plaintiffs' failure to state a cause of action under 18 U.S.C. §§ 2252(a) and 2252A. In order to create civil liability under Sections 2252(a) and 2252A, a person must have knowledge the subjects in the visual depictions are minors. Playboy Defendants argue that Plaintiffs have failed to allege any of the Defendants

knew Plaintiffs' ages. However, in reviewing paragraphs 296, 329, 365, and 373 of the Second Amended Complaint, Plaintiffs have alleged the Playboy Defendants "had positive knowledge or were consciously and willfully ignorant of the fact that the Plaintiffs were minors." (Dkt 83). These allegations are sufficient to withstand a Motion to Dismiss. As such, Playboy Defendants' Motion to Dismiss as to Counts 29,30,34,35,39 and 40[1] is **denied**.

### C. Intentional Infliction of Emotional Distress.

Plaintiffs' Second Amended Complaint sufficiently states a claim for intentional infliction of emotional distress. Accordingly, Playboy Defendants' Motion to Dismiss as to Counts 31 and 36 is **denied**.

### D. Unjust Enrichment.

In Counts 27, 32, 37 and 42[2], Plaintiffs allege Playboy Defendants received an economic benefit from the videotaped conduct of Plaintiffs (Dkt. 83). In order to state a cause of action for unjust enrichment, a party must allege, *inter alia*, no adequate legal remedy exists. According to Playboy Defendants, the Second Amended Complaint lacks such an allegation, and should therefore be dismissed. In reviewing the Second Amended Complaint, this Court agrees. Playboy Defendants' Motion to Dismiss as to Counts 27, 32, 37 and 42 is **granted**.

---

[1] Count 40 is misnumbered in the Second Amended Complaint as Count 35.

[2] Count 42 of the Second Amended Complaint is misnumbered as 37.

**E.     Negligence.**

Plaintiffs have, in Count 41[3] of the Second Amended Complaint, brought a negligence claim against iNDEMAND, L.L.C. stating iNDEMAND had a "duty to adhere to the standards within the broadcast industry and to implement such reasonable policies and procedures as necessary and prudent" and breached this duty when video clips of Plaintiffs were broadcast.  Plaintiffs' negligence claim fails because the duty inDEMAND is alleged to have breached, i.e. adhering to industry standards, is not a legally cognizable duty by which to support a negligence claim.  While industry standards may be evidence of a duty, an entity cannot be found negligent for the nebulous proposition that they failed to adhere to industry standards or failed to adopt them as policies.  The relevant duty of care, if any, would be the duty of care owed to the Plaintiffs.  Defendant does not owe a duty to adopt industry standards.  As such, inDEMAND, L.L.C.'s Motion to Dismiss as to Count 41 is **granted**.  If Plaintiffs can identify what duty of care existed between inDEMAND, L.L.C. and Plaintiffs along with an allegation the duty was breached, they may attempt to do so. Accordingly, Plaintiffs' negligence claim is **dismissed without prejudice**.

It is therefore ORDERED AND ADJUDGED that:

1. Modern Entertainment, Ltd is **dismissed without prejudice** as a party to this action**.**  The Clerk is directed to deny as moot any pending motions as to Modern Entertainment, Ltd.

---

[3] Count 41 is misnumbered in the Second Amended Complaint as Count 36.

2. Defendants Best Buy Company, Inc., Image Entertainment, Inc., iNDEMAND L.L.C., Lincolnwood Motion Pictures, LLC, Modern Entertainment, Ltd, New City Releasing, Inc., Playboy Enterprises International, Inc., Playboy Television International, LLC, Playboy.com, Inc. and Trans World Entertainment Corporation's Dispositive Motion to Dismiss or Strike the Second Amended Complaint & Memorandum of Law (Dkt. 105) is **GRANTED IN PART and DENIED IN PART,** as detailed above.

3. Plaintiffs' are given **eleven (11) days** from the date of this order in which to file a Third Amended Complaint addressing only those issues outlined in this Order.

DONE and ORDERED in Tampa, Florida on June 8, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2005\PLAYBOY\05-cv-405 Playboy MTD.frm